1   Fred W. Schwinn (SBN 225575)
2   Raeon R. Roulston  (SBN 255622)
    CONSUMER LAW CENTER, INC.
3   12 South First Street, Suite 1014
    San Jose, California  95113-2418
4   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
5   Email Address: fred.schwinn@sjconsumerlaw.com

6   Attorneys for Plaintiff
    RACHAEL ANN CLAFLIN
7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10
    RACHAEL ANN CLAFLIN,                    Case No. _____
11
                        Plaintiff,          **COMPLAINT**
12
           v.                               **DEMAND FOR JURY TRIAL**
13
    MANDARICH LAW GROUP, LLP, a             15 United States Code § 1692 *et seq*.
14  California limited liability partnership, and   California Civil Code § 1788 *et seq*.
    and RYAN EARL VOS, individually and in
15  his official capacity,

16                      Defendants.

17
18         Plaintiff, RACHAEL ANN CLAFLIN (hereinafter "Plaintiff"), based on information and belief

19  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

20  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

21                            **I.  INTRODUCTION**

22         1.    This is an action for actual damages, statutory damages, attorney fees and costs

23  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

24  15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in

25  abusive, deceptive and unfair practices.

26
27         2.    According to 15 U.S.C. § 1692:

28             a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff also seeks actual damages, statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

/ / /

---

[1]  Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8.    Plaintiff, RACHAEL ANN CLAFLIN (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.    Plaintiff is informed and believes, and thereon alleges that Defendant, MANDARICH LAW GROUP, LLP (hereinafter "MANDARICH"), is or was at all relevant times, a California limited liability partnership engaged in the business of collecting defaulted consumer debts

in this state with its principal place of business located at: 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367. MANDARICH may be served as follows: Mandarich Law Group, LLP, c/o Christopher D. Mandarich, General Partner, 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367. The principal business of MANDARICH is the collection of defaulted consumer debts using the mails and telephone, and MANDARICH regularly attempts to collect defaulted consumer debts alleged to be due another. MANDARICH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, RYAN EARL VOS (hereinafter "VOS"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of MANDARICH at all relevant times. VOS may be served at his current business address at: Ryan Earl Vos, Mandarich Law Group, LLP, 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367. The principal purpose of VOS' business is the collection of defaulted consumer debts due or alleged to be due another. VOS is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. VOS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

financial obligation, namely a consumer credit account issued by CITIBANK (SOUTH DAKOTA), N.A. (hereinafter "the alleged debt"). The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.  At all relevant times alleged in this Complaint, Plaintiff was a resident of Alameda County, California and was not a resident of Santa Clara County, California. Moreover, Plaintiff did not apply for the alleged debt or sign a credit application or credit agreement for the alleged debt, in Santa Clara County, California. Moreover, if any debt to CITIBANK (SOUTH DAKOTA), N.A., was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in Alameda County, California.

14.  Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt is alleged to have been sold, assigned or otherwise transferred to CACH, LLC, for collection from Plaintiff.

15.  Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

16.  On or about December 28, 2012, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, County of Santa Clara, captioned *CACH, LLC v. Rachael A. Claflin, et al.*, Case No. 1-13-CV-238859 (hereinafter the "*CACH v. Claflin* complaint") which sought to collect the alleged debt.

17.  At the time that Defendants filed the *CACH v. Claflin* complaint in Santa Clara County, California, Plaintiff was a resident of Alameda County, California. At no time relevant to the *CACH v. Claflin* action has Plaintiff resided in Santa Clara County, California. Moreover, if any debt to

CITIBANK (SOUTH DAKOTA), N.A., was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in Alameda County, California.

18.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the *CACH v. Claflin* complaint was filed in an improper venue.

19.     As a result of Defendants filing the *CACH v. Claflin* complaint against her in Santa Clara County – a distant and inconvenient venue – Plaintiff was required to retain legal counsel and incur attorneys' fees and costs in order to have the *CACH v. Claflin* complaint transferred to the appropriate venue, Alameda County, California.

20.     As a result of Defendants' forum abuse, Plaintiff incurred actual damages in an amount to be determined at trial.[2]

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

22.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24.     Defendant, MANDARICH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25.     Defendant, VOS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.     The financial obligation alleged to be originally owed by Plaintiff to CITIBANK

---

[2]  See, *Hess v. Cohen & Slamowitz, LLP*, 637 F.3d 117 (2d Cir. 2011).

(SOUTH DAKOTA), N.A., is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.     Defendants brought a legal action against Plaintiff to collect a defaulted consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

28.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against MANDARICH)

30.     Plaintiff brings the second claim for relief only against Defendant, MANDARICH, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

32.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33.     Defendant, MANDARICH, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34.     The financial obligation alleged to be originally owed by Plaintiff to CITIBANK

(SOUTH DAKOTA), N.A., is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35.     Defendant, MANDARICH, has violated the RFDCPA.  The violations include, but are not limited to, the following:

    a.     MANDARICH brought a legal action against Plaintiff to collect a defaulted consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation Cal. Civil Code §§ 1788.15(b) and 1788.17.[3]

36.     MANDARICH's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

37.     As a result of MANDARICH's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

38.     As a result of MANDARICH's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

39.     As a result of MANDARICH's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[4]

40.     As a result of MANDARICH's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and

---

[3]  15 U.S.C. § 1692i(a).
[4]  15 U.S.C. § 1692k(a)(2)(A).

1788.17.[5]

       41.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a);

c)   Declare that Defendant, MANDARICH, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.15(b) and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17[6] and 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against Defendant, MANDARICH, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not to exceed $1,000 against Defendant, MANDARICH, pursuant to Cal. Civil Code § 1788.17;[7]

h)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[8] and 1788.30(c); and

---

[5]  15 U.S.C. § 1692k(a)(3).
[6]  15 U.S.C. § 1692k(a)(1).
[7]  15 U.S.C. § 1692k(a)(2)(A).
[8]  15 U.S.C. § 1692k(a)(3).

1          i)   Award Plaintiff such other and further relief as may be just and proper.

2

3                                     CONSUMER LAW CENTER, INC.

4

5                                   By: /s/ Fred W. Schwinn        
     Fred W. Schwinn (SBN 225575)

6    Raeon R. Roulston  (SBN 255622)
     CONSUMER LAW CENTER, INC.

7    12 South First Street, Suite 1014
     San Jose, California  95113-2418

8    Telephone Number: (408) 294-6100
     Facsimile Number: (408) 294-6190

9    Email Address: fred.schwinn@sjconsumerlaw.com

10

11   Attorneys for Plaintiff
     RACHAEL ANN CLAFLIN

12

13   <u>**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**</u>

14        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

15   parties, there is no such interest to report.

16

17                                /s/ Fred W. Schwinn        
     Fred W. Schwinn, Esq.

18

19   <u>**DEMAND FOR JURY TRIAL**</u>

20        PLEASE TAKE NOTICE that Plaintiff, RACHAEL ANN CLAFLIN, hereby demands a trial by

21   jury of all triable issues of fact in the above-captioned case.

22

23                                /s/ Fred W. Schwinn        
     Fred W. Schwinn, Esq.

24

25

26

27

28

1 | Chris D. Mandarich, SB 220693; Ryan E. Vos, SB 224368; Rebecca E. Hunter, SB 271420;
Nathaniel Clark, SB 276621; Jo-Anna Nieves, SB 276807
**Mandarich Law Group, LLP**
2 | 6301 Owensmouth Avenue, Suite 850
Woodland Hills, CA 91367
3 | Local: 818-264-0111
Toll Free: 877-414-0130
4 | Facsimile: 818-888-1260

5 | *Attorneys for Plaintiff*

**(ENDORSED)
FILED**

DEC 2 8 2012

DAVID H. YAMASAKI
Chief Executive Officer/Clerk,
Superior Court of CA County of Santa Clara
BY

10 | **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

11 | **DOWNTOWN SUPERIOR COURT – LIMITED JURISDICTION**

| | |
|---|---|
| CACH, LLC, | Case No.: **1 1 3 C V 2 3 8 8 5 9** |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. **BREACH OF CONTRACT** |
| RACHAEL A CLAFLIN, an individual; | 2. **COMMON COUNTS** |
| and DOES 1 through 10 inclusive. | |
| Defendants. | DEMAND: $5,304.02 |

**FILE BY FAX**

Plaintiff alleges:

**FACTS COMMON TO ALL CAUSES OF ACTION**

1.    Plaintiff is and at all times herein mentioned was, a Colorado Limited Liability Company, and assignee of original creditor, CITIBANK SOUTH DAKOTA, N.A..

2.    Plaintiff is informed and believes that Defendants are individuals who currently reside within the jurisdictional boundaries of the above entitled Court. Therefore, this Court is the proper Court for trial of this action.

3.    Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 10 inclusive, and therefore, sues the Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities once ascertained.

**EXHIBIT**

tabbies®

/

COMPLAINT - 1

4.      Plaintiff believes that at all times mentioned herein, each of the Defendants was, and is, the agent, servant and employee, employer of each of the other Defendants, and also acted in the capacity of and as agent of the other Defendants. Plaintiff also believes that the individual Defendants, and each of them, are jointly and severally liable that the actions described herein were taken as actions for the benefit of the Defendants' separate and/or community property.

5.      Plaintiff believes that, for value received, Defendants, and each of them, executed and delivered a credit card application to CITIBANK SOUTH DAKOTA, N.A. (Plaintiff's assignor) or made such application for credit over the telephone or Internet. Pursuant to the terms of the application and the written terms and conditions sent along with the credit card, Plaintiff's assignor provided Defendants with a credit card, and granted charge privileges on the credit card, account number XXXXXXXXXXXX2939 (the "Account").

6.      Prior to the commencement of this action, the Account was assigned for value by CITIBANK SOUTH DAKOTA, N.A. (Plaintiff's assignor) to the Plaintiff and Plaintiff is its current holder.

7.      Defendants agreed to comply with the written terms and conditions governing the use of the Account, as it was amended from time to time, including repaying the Plaintiff's assignor for any charges on the Account including, but not limited to, charges for the purchase of goods and services and/or cash advances and balance transfers along with the interest, late charges, over limit charges related thereto.

8.      Defendants used the credit card issued on the Account to make credit card purchases and/or to take cash advances and/or to make balance transfers. Each time the Defendants used the credit card to purchase goods and services and/or to take cash advances and/or make balance transfers, Defendants reaffirmed their agreement to repay Plaintiff's assignor for the amount for the purchase and/or cash advance and/or balance transfer, along with such other charges as may be assessed pursuant to the terms and conditions governing the Account.

9.      Pursuant to the terms and conditions governing the Account, monthly statements were sent to the Defendants which itemized all payments made and charges due on the Account.

10.     Within the last four years, the Defendants failed to make payments as agreed on the Account. Defendants have failed, refused and neglected to pay amounts due per the terms and conditions governing the Account.

COMPLAINT - 2

1    11.    As of November 08, 2012, Defendants owe the sum of $5,304.02 with interest thereon.

2    12.    Although demand has been made upon Defendants to pay said amount, no part has been paid,

3    and it is now due, owing, and unpaid together with interest thereon plus attorney's fees.

4    13.    Plaintiff and Plaintiff's assignor have duly performed all promises, conditions and agreements

5    on their part to be performed.

6    14.    The terms and conditions governing the Account provides that the accountholder agrees to

7    reimburse Plaintiff's assignor and hence, Plaintiff for the costs and expenses, including reasonable

8    attorney's fees, related to the collection of amounts owing on the Account.  Plaintiff has been required to

9    retain the Mandarich Law Group, LLP to pursue collection of the amounts due hereunder.

10                              **FIRST CAUSE OF ACTION**

11                                 **(Breach of Contract)**

12    15.    Plaintiff refers to and incorporates paragraphs 1 through 14.

13    16.    Defendants have breached the terms and conditions governing the Account by failing to pay

14    amounts due and owing on the Account.

15    17.    As the direct and proximate result thereof, Plaintiff has been damaged in the amount of

16    $5,304.02 plus interest thereon.

17                             **SECOND CAUSE OF ACTION**

18                                  **(Account Stated)**

19    18.    Plaintiff refers to and incorporates paragraph 1 through 17.

20    19.    Within the past four years, an account was stated in writing in which it was agreed that

21    Defendants were indebted in the amount of $5,304.02.  Although demand has been made upon Defendants,

22    no part of said amount has been paid, and it is now due, owing and unpaid from Defendants to Plaintiff with

23    interest thereon from and after November 08, 2012.

24    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

25    1.    For the damages and money in the sum of $5,304.02;

26    2.    For interest thereon at 10 percent per annum from on and after November 08, 2012;

27    3.    For reasonable attorney's fees;

28    4.    For costs of suit incurred; and

**FILE BY FAX**

COMPLAINT - 3

1    5.    For such other and further relief as the Court deems just and proper;

2    6.    Plaintiff remits all damages in excess of the jurisdictional amount of this Court.

3  Dated: December 17, 2012                    **MANDARICH LAW GROUP, LLP**

4

5

6                                              Chris D. Mandarich, Esq.
                                               Ryan E. Vos, Esq.
7                                              Rebecca E. Hunter, Esq.
                                               Nathaniel Clark, Esq.
8                                              Jo-Anna Nieves, Esq.
                                               *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - 4

FILE BY FAX

CHRIS D. MANDARICH, SB 220693; RYAN E. VOS, SB 224368; REBECCA E. HUNTER, SB 271420;
NATHANIEL CLARK, SB 276621; JO-ANNA NIEVES, SB 276807
**MANDARICH LAW GROUP, LLP**
6301 Owensmouth Avenue, Suite 850
Woodland Hills, CA 91367
Telephone: 877-414-0130
Facsimile: 818-888-1260

*Attorneys for Plaintiff*

**(ENDORSED)**
**FILED**
DEC 28 2012

DAVID H. YAMASAKI
Chief Executive Officer/Clerk,
Superior Court of CA County of Santa Clara
BY_____
                Laurregui

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

**DOWNTOWN SUPERIOR COURT - LIMITED JURSIDICTION**

| | |
|---|---|
| CACH, LLC | ) Case No.: |
| Plaintiff, | ) **DECLARATION OF VENUE** |
| vs. | ) (C.C.P. 395(b), 396(a)) |
| RACHAEL A CLAFLIN, an individual; and DOES 1 through 10 inclusive | ) **1 1 3 C V 2 3 0 8 5 5** |
| Defendants. | ) |

I, the undersigned attorney of record, hereby declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of California, and I am one of the attorneys of record for the plaintiff. This declaration is made of my own knowledge and if sworn as a witness, I would and could testify thereto.

2.      This is the proper venue, superior court and court location for this action because the action involves an offer or provision of goods, services and/or credit intended primarily for personal, family or household use under C.C.P. §395(b) and it is upon information and belief that the defendant resides in this court's jurisdiction.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed on December 17, 2012 at Los Angeles, CA.

**MANDARICH LAW GROUP, LLP**

Chris D. Mandarich, Esq.
Ryan E. Vos, Esq.
Rebecca E. Hunter, Esq.
Nathaniel Clark, Esq.
Jo-Anna Nieves, Esq.

**FILE BY FAX**

DECLARATION OF VENUE