1
2
3
4
5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10

RACHAEL ANN CLAFLIN,

11          Plaintiff,                                   No. C 13-05255 WHA

12     v.

13   MANDARICH LAW GROUP, LLP, a                  **ORDER DENYING MOTION TO**
     California limited liability partnership, and **DISMISS OR STAY BASED ON**
14   RYAN EARL VOS, individually and in his       **PRINCIPLES OF ABATEMENT**
     official capacity,
15

16          Defendants.
                                                /
17

18                          **INTRODUCTION**

19          In this debt-collection practice action, defendants move to dismiss or stay based on

20   principles of abatement. To the extent stated below, defendants' motion is **DENIED**.

21                          **STATEMENT**

22          In December 2012, defendants Mandarich Law Group, LLP and Attorney Vos filed

23   an action on behalf of CACH, LLC against plaintiff Rachael A. Claflin in Santa Clara County

24   Superior Court. *CACH, LLC v. Rachael A. Claflin, et al.*, No. 1-13-cv-238859 (Santa Clara

25   Cnty. Sup. Ct. Dec. 28, 2012). When the state-court complaint was filed (and at all relevant

26   times alleged in that complaint), "Plaintiff was a resident of Alameda County, California."

27   Ms. Claflin also "did not apply for the alleged debt or sign a credit application or credit

28   agreement for the alleged debt, in Santa Clara County, California" (Compl. ¶¶ 13, 16, 17).

1    In November 2013, almost a year later, plaintiff Rachael A. Claflin filed the instant

2  action against defendants Mandarich Law Group, LLP and Attorney Ryan Earl Vos, who were

3  (and still are) counsel for the other side in the state-court action.  Defendants in this action were

4  not named parties in the state action.  The operative complaint alleged violations of the Fair Debt

5  Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* and the Rosenthal Fair Debt

6  Collection Practices Act, California Civil Code Sections 1788–1788.33.  The gravamen of the

7  complaint is that defendants are "debt collector[s]" and violated federal and state laws when they

8  (*id.* at ¶¶ 27, 35) (emphasis added):

9         brought a legal action against Plaintiff to collect a defaulted
          consumer debt allegedly owed by Plaintiff *in a judicial district*
10        *other than the judicial district in which Plaintiff signed the*
          *contract sued on or in the judicial district in which Plaintiff*
11        *resided at the commencement of the action*

12   In other words, by filing the state action in "Santa Clara County — a distant and

13  inconvenient venue — Plaintiff was required to retain legal counsel and incur attorneys' fees

14  and costs in order to have the [state action] complaint transferred to the appropriate venue,

15  Alameda County, California" (*id.* at ¶ 19).  This order pauses to note that plaintiff's complaint

16  filed in the instant action (after the state action was transferred to Alameda County) stated the

17  instant federal action "should be assigned to the San Jose Division" (*id.* at ¶ 7).  The action,

18  however, was reassigned to the undersigned judge in December 2013, after there was a

19  declination by plaintiff to proceed before a San Jose Magistrate Judge (Dkt. Nos. 7, 9).

20   In December 2013, defendants filed the instant motion.  Plaintiff responded and

21  defendants replied.  The parties appeared for oral argument on February 20, the same day as

22  the first case management conference.

**ANALYSIS**

24   Defendants move to dismiss, or alternatively, stay this action based on principles of

25  abatement.  Defendants argue this is appropriate because the state action was filed more than

26  ten months before the instant action, the complaints in both actions are duplicative since they

27  stem from the same alleged filing of the state action in the wrong venue and seek identical relief,

28  and parties in privity are involved in both actions.

2

1    Furthermore, defendants cite policy factors that favor abatement, including waste

2    of judicial resources from litigating the same issues in two courts, increased cost to litigate

3    two identical cases, and the possibility that dual litigation might cause a race to judgment.

4    Next, defendants allege that there would be no detriment to plaintiff in a dismissal or stay

5    since plaintiff has already names "Roes 1–10" as placeholder defendants in the state action

6    cross-complaint.  Finally, defendants question plaintiff's intent in filing this federal action

7    alleging that "counsel has attempted to duplicate his potential recovery in two separate venues."

8        The question of abatement arises when parties seek to litigate the same or closely related

9    claims in two forums at the same time.

10               To determine whether a suit is duplicative, [our court of appeals]
                 borrow[s] from the test for claim preclusion . . . [and] examine[s]
11               whether the causes of action and relief sought, as well as the
                 parties or privies to the action, are the same . . .  'Whether two
12               events are part of the same transaction or series depends on
                 whether they are related to the same set of facts and whether they
13               could conveniently be tried together.'

14    *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) (quoting *Western*

15    *Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

16        This order finds that a stay is not warranted.  *First*, the claim is not necessarily

17    duplicative because the FDCPA explicitly states that "any debt collector who fails to comply

18    with any provision of this subchapter with respect to any person is liable to such person."

19    15 U.S.C. 1692k(a).  This definition includes attorneys who regularly attempt to collect

20    consumer debts.  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).  This permits plaintiff to bring

21    FDCPA claims against Mandarich and Attorney Vos — parties that were not named in the

22    state court cross-claim since they were counsel of record in the state action.  The Rosenthal Act

23    remedies "are intended to be cumulative and are in addition to any other procedures, rights,

24    or remedies under any other provision of law."  Cal. Civ. Code 1788.32.  "There is a split in

25    authority on whether law firms fall within the scope of [the attorney] exemption, with the

26    majority of district courts in California concluding that the Rosenthal Act does apply to law

27    firms."  *Do v. Hollins Law, P.C.*, No. 3:13-cv-01322-JSW, 2013 WL 4013659, at \*4 (N.D. Cal.

28    Aug. 5, 2013) (Judge Jeffrey White).

3

1    *Second*, the parties are not the same.  Again, this reflects the intent of the FDCPA and

2    the Rosenthal Act to stamp out "abusive" or "unfair or deceptive" debt collection practices.

3    15 U.S.C. 1692(e); Cal. Civ. Code 1788.1(b).  The FDCPA specifically holds liable "any debt

4    collector" who brings legal action in the wrong venue.  15 U.S.C. 1692i(a)(2).  Similarly, the

5    Rosenthal Act states "no debt collector" shall collect or attempt to collect a consumer debt in the

6    wrong venue.  Cal. Civ. Code 1788.15(b).  Thus, for the purposes of FDCPA and Rosenthal Act

7    suits, parties, even if in privity, are not "the same" because each debt collector is liable for

8    violations of fair debt collection.

9    Two non-binding decisions from the District of Arizona are not helpful.  *Stone v. Baum*,

10    409 F. Supp. 2d 1164, 1177 (D. Ariz. 2005); *Fernandez v. Virgillo*, No. 2:12-cv-02475-JWS,

11    2013 U.S. Dist. LEXIS 20959, at \*10–11 (D. Ariz. Feb. 15, 2013).  In *Stone*, the district court

12    held that abatement was proper when vexatious litigants named the same parties in later actions.

13    *Stone* at 1167–68.  Here, the parties are not the same.  In *Fernandez*, the district court held that

14    abatement was not proper because defendants in the two actions were not in privity.  *Fernandez*,

15    2013 U.S. Dist. LEXIS 20959, at \*11–13.  Indeed, the outcome in *Fernandez* seems to support a

16    finding that abatement is not properly found here.

17    Defendants also argue that, even though defendants are not named parties to the state

18    action, Mandarich, Attorney Vos, and CACH are in privity with one another based on a

19    preexisting substantive legal relationship.  Indeed, plaintiff's cross-complaint in the state action

20    seeks, in part, to hold CACH vicariously liable for the conduct of Mandarich and Attorney Vos

21    in filing the state action in the wrong venue (Mot. 4–5).  Plaintiff responds that defendants are

22    not in mutual privity with CACH *for the purposes of this motion* because, under the principal-

23    agent theory, a decision for or against CACH (principal) in the state-court action does not bind

24    defendants (agents).  Rather, plaintiff alleges that all of the potential liability flows from the

25    actions of Mandarich and Attorney Vos (Opp. 7–9).

26    A determination regarding privity for preclusion purposes is not the product of a bright-

27    line rule.  It is a case-specific inquiry.  This order finds that, because the FDCPA and Rosenthal

28    Act specifically hold liable *any* debt collector for violations of fair debt collection practices, a

4

1    decision against CACH in the state-action would not necessarily trigger claim preclusion.

2    Thus, the fact that Mandarich and Attorney Vos have a substantive preexisting legal relationship

3    with CACH does not inevitably provide cover from this suit.

4    In opposition, plaintiff argues that the pertinent decision is *Colorado River Water*

5    *Conservation Dist. v. United States*, 424 U.S. 800, 813–17 (1976), wherein the Supreme Court

6    held that abstention from the exercise of federal jurisdiction is a narrow exception used in

7    extraordinary circumstances. Our court of appeals has recognized eight non-exhaustive

8    factors for assessing the appropriateness of a *Colorado River* stay or dismissal:

9            (1) which court first assumed jurisdiction over any property at
             stake; (2) inconvenience of the federal forum; (3) the desire to
10           avoid piecemeal litigation; (4) the order in which the forums
             obtained jurisdiction; (5) whether federal or state law provides the
11           rule of decision on the merits; (6) whether state court proceedings
             can adequately protect the rights of federal litigants; (7) the desire
12           to avoid forum shopping; (8) and whether state court proceedings
             will resolve all issues before the federal court.
13
     *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).
14
     An analysis under the *Colorado River* factors does not tend to favor abstention. In brief,
15
     there is no property at stake. Defendants have not alleged this forum is inconvenient. There is a
16
     desire to avoid piecemeal litigation. The state forum obtained jurisdiction first. The federal
17
     action includes a federal claim. State courts have concurrent jurisdiction over FDCPA claims
18
     but defendants in this action are not named parties in the state action. There is no evidence of
19
     forum shopping. Finally, the last factor evaluates whether state court proceedings will resolve
20
     *all* issues before the federal court. This order finds, as explained above, the state court
21
     proceeding will not necessarily resolve all issues in this action. The Supreme Court has stated:
22
             [w]hen a district court decides to dismiss or stay under *Colorado*
23           *River*, it presumably concludes that the parallel state-court
             litigation will be an adequate vehicle for the complete and prompt
24           resolution of the issues between the parties. If there is any
             substantial doubt as to this, it would be a serious abuse of
25           discretion to grant the stay or dismissal at all.

26   *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). As the state

27   action presently exists, it will not necessarily resolve all the issues between the parties in this

28

5

1  action because Mandarich and Attorney Vos are not named parties.  In sum, this order declines

2  to stay or dismiss this action under *Colorado River*.  Accordingly, the motion is **DENIED**.

3                    *                    *                    *

4         Notwithstanding the foregoing, on its own motion, the Court sees a potential problem.

5  In the event that plaintiff herein seeks discovery from the lawyer defendants herein directed to

6  their strategy in the co-pending state action, any such discovery should be postponed until the

7  completion of the state-court action, or at least until a reasonable period of time has elapsed to

8  bring that case to a conclusion.  The state-court action has been pending in Alameda County

9  for a year and can be expected to go to trial or terminate before the end of this calendar year.

10  Therefore, any depositions or discovery directed at the lawyer defendants concerning their

11  strategy in the state-court litigation will be stayed at least until **FRIDAY, OCTOBER 10** this year

12  without further order of this court.  If the state-court action is terminated sooner, then discovery

13  into the unprivileged matters relating to strategy may be pursued.  No other discovery in this

14  case will be stayed.  All discovery in the state case will also be usable in this case.

15                              **CONCLUSION**

16         For the reasons stated above, and subject to the very last paragraph above, the motion to

17  dismiss or stay based on principles of abatement is **DENIED**.

18

19         **IT IS SO ORDERED.**

20

21  Dated:  February 20, 2014.

22                                        WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28